AO 108 (Rev. 06/09)  Application for a Warrant to Seize Property Subject to Forfeiture

**FILED**

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

# UNITED STATES DISTRICT COURT

for the

District of New Mexico

DEC 0 8 2011

| | | |
|---|---|---|
| In the Matter of the Seizure of | ) | **MATTHEW J. DYKMAN** |
| *(Briefly describe the property to be seized)* | ) | CLERK |
| The proceeds, contents and any US currency (not to exceed $16,400.00), contained in New Mexico Bank and Trust, Account 6124580 | ) ) ) | Case No.  11 mr 838 |

## APPLICATION FOR A WARRANT
## TO SEIZE PROPERTY SUBJECT TO FORFEITURE

I, a federal law enforcement officer or attorney for the government, request a seizure warrant and state under penalty of perjury that I have reason to believe that the following property in the _____ District of _____New Mexico_____ is subject to forfeiture to the United States of America under ___31___ U.S.C. § ___5324___ *(describe the property)*:

The proceeds, contents and any United States currency (not to exceed $16,400.00), contained in New Mexico Bank and Trust, NMBT Enterprise Checking Interest Bearing (240), number 6124580 held in the name of JAMES R. SHIVELEY.

The application is based on these facts:
Based on the facts set forth herein, I believe there is probable cause to seize up to $16,400.00 in the account identified. This amount, as outlined in the attached affidavit, was deposited in violation of 31 U.S.C., § 5324, and therefore constitutes property involved in or traceable to the violation and is subject to seizure pursuant to criminal forfeiture under Title 31 U.S.C. § 5317(c)(1) and Title 21 U.S.C. § 853, or civil forfeiture under Title 31 U.S.C. § 5317 (c)(2) and Title 18 U.S.C. § 981(a)(1)(A).

☐ Continued on the attached sheet.

_____
*Applicant's signature*

David Dirickner, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: Dec. 8, 2011

_____
*Judge's signature*

City and state:  Albuquerque, New Mexico

United States Magistrate Judge
*Printed name and title*

**KAREN B. MOLZEN**
**U.S. MAGISTRATE JUDGE**

1

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEIZURE WARRANT
### Attachment A

### Background

I, David Dindinger, having been duly sworn, state:

1. David Dindinger, am employed as a Criminal Investigator, Special Agent (SA), with the Department of Homeland Security, Homeland Security Investigations and I am empowered by law to conduct investigations and make arrests of persons involved in violations of Federal Laws. I have over five years of experience as a law enforcement officer and have held the position as a Special Agent with the Department of Homeland Security (DHS) since November 2010. Prior to my current assignment with DHS I served two years as a Detective with the Department of Defense Police, and two years as an Investigator on Active Duty with the U.S. Army Criminal Investigation Command (CID). During that time I conducted over 400 felony level investigations of offenses in violation of United States Code and the Uniformed Code of Military Justice. I have completed a variety of law enforcement related training to include but not limited to: the Federal Law Enforcement Training Academy's Basic Criminal Investigator Training Program, the Immigration and Customs Enforcement Special Agent Training Program, the U.S. Army Military Police Officer Basic

2

and Advanced Individual Training Courses and the Homeland

Security Investigations Advanced Financial Investigations

Training Course. I hold a Bachelor's degree with concentrations

in Pre-Law and Criminology from Fairleigh Dickinson University,

Madison, NJ.


2. I am empowered by law to investigate violations of Title 31

United States Code, including but not limited to;

> a) Offenses involving the structuring of currency deposits
>    and withdrawals to evade the reporting requirements;
>
> b) Bulk cash smuggling;
>
> c) Violations of the International Transportation of
>    Currency or Monetary Instruments acts to include failure
>    to declare currency exceeding $10,000.00 when entering
>    or departing the United States.


### Property for Seizure

3. I make this affidavit in support of an Application(s) for a

Seizure Warrant relative to the following:

> a. ALL FUNDS AND MONIES NOT TO EXCEED A COMBINED
>    TOTAL OF $32,000.00 CONTAINED IN PREMIUM MONEY
>    MARKET ACCOUNT, ACCOUNT NUMBER 6322861, HELD AT
>    NEW MEXICO BANK AND TRUST, 320 GOLD SW,
>    ALBUQUERQUE, NM IN THE NAME OF DR JAMES R
>    SHIVELEY.
>
> b. ALL FUNDS AND MONIES NOT TO EXCEED A COMBINED
>    TOTAL OF $16,400.00 IN NMBT ENTERPRISE CHECKING
>    INTEREST BEARING (240) ACCOUNT, ACCOUNT NUMBER

3

       6124580, HELD AT NEW MEXICO BANK AND TRUST, 320
GOLD SW, ALBUQUERQUE, NM IN THE NAME OF JAMES R.
SHIVELEY.

c. ALL FUNDS AND MONIES NOT TO EXCEED A COMBINED
TOTAL OF $20,200.00 CONTAINED IN PREMIUM
CHECKING-NON TRUNCATED (100) ACCOUNT, ACCOUNT
NUMBER 6218622, HELD AT NEW MEXICO BANK AND
TRUST, 320 GOLD SW, ALBUQUERQUE, NM IN THE NAME
OF JAMES R. SHIVELEY.

## AUTHORITY TO SEIZE

4. The statements made in this affidavit are based on my

personal knowledge, and from information furnished to me by

other Law Enforcement officers.


5. Your Affiant has been investigating Dr. James R. SHIVELEY for

violations of Title 31 U.S.C. § 5324 (a)(1)(3), Structuring

Transactions to Evade Reporting Requirements. Based on my

experience and on information contained in the subsequent

paragraphs, I have probable cause to believe the aforementioned

property listed in paragraph number 3 is subject to seizure and

forfeiture to the United States pursuant to Title 31 U.S.C. §

5317(c)(1) and Title 21 § 853 for a criminal forfeiture, and

Title 31 U.S.C. § 5317(c)(2) and Title 18 U.S.C. § 981(a)(1)(A)

for a civil forfeiture, because the property was involved in,

or is traceable to property involved in, structuring to avoid

currency reporting requirements in violation of Title 31 U.S.C.

§ 5324(a).

4

6.    Title 31 U.S.C. § 5317 provides for the criminal and civil forfeiture of any property involved in a violation of § 5313, § 5316, or § 5324, or any conspiracy to commit any such violation as well as property traceable to any such violation or conspiracy. It is further provided that the property shall be forfeited in accordance with 18 U.S.C. § 981(a)(1)(A). Title 18 U.S.C. § 984 provides that, in any forfeiture action *in rem* in which the subject property is funds deposited in an account in a financial institution, the Government does not have to identify the specific property involved in the offense which is the basis for the forfeiture.  It is no defense that the property involved in the offense has been removed and replaced by identical property.  Any identical property found in the same place or account as the property involved in the offense that is the basis for the forfeiture is subject to forfeiture. In essence, § 984 allows the Government to seize for forfeiture identical property found in the same place where the "guilty" property had been kept. However, § 984 does not allow the government to reach back in time for an unlimited period.  A forfeiture action (including a seizure) against property not directly traceable to the offense that is the basis for the forfeiture cannot be commenced more than one (1) year from the date of the offense.

7. Structuring is defined in 31 CFR Chap. X [formerly 31 CFR
103.11]:  "[A] person structures a transaction if that person,
acting alone, or in conjunction with, or on behalf of, other
persons, conducts or attempts to conduct one or more
transactions in currency, in any amount, at one or more
financial institutions, on one or more days, in any manner, for
the purpose of evading the reporting requirements under sections
1010.313a and 1010.313b [formerly 103.22 (a) and 103.22(C)(2)]
of this part."


8.  "'In any manner' includes, but is not limited to, the
breaking down of a single sum of currency exceeding $10,000 into
smaller sums, including sums at or below $10,000, or the conduct
of a transaction, or series of currency transactions, including
transactions at or below $10,000. The transaction or transactions
need not exceed the $10,000 reporting threshold at any single
financial institution on any single day in order to constitute
structuring within the meaning of this definition."


9. Federal law requires a financial institution to generate a
Currency Transaction Report (CTR) when the financial institution
is involved in a transaction for payment, receipt, or transfer
of United States coins or currency in an amount that exceeds
$10,000.00 (31 U.S.C. § 5313 -- the "CTR" requirement). Failure

6

to file such a report is a violation of Federal criminal law. A CTR is filed with the Financial Crimes Enforcement Network and requires information on the person conducting the transaction including the identity of the individual(s) conducting the transaction and the individual(s) or organization for which the transaction was completed.

10. A CTR also requires that multiple transactions be treated as a single transaction if the financial institution has knowledge that they are conducted by, or on behalf of the same person and they result in deposit or withdrawal transactions totaling more than $10,000.00 involving a financial institution during any one business day. It is also a violation for persons to structure their transactions with the intent to cause financial institutions not to file a CTR under Title 31 U.S.C. § 5324(a)(1). For example, a customer engaging in several transactions at different banks on the same day where each transaction does not exceed $10,000.00 but the total of such transactions exceeds $10,000.00, is "structuring" in violation of Federal law if the customer's purpose is to evade the CTR reporting requirements. A CTR is often used by law enforcement to uncover a wide variety of illegal activities including narcotics trafficking, money laundering, tax evasion, and other offenses.

7

11. Many individuals involved in illegal activities are aware of the reporting requirements and structure their deposits or withdrawals to avoid a CTR.

## FACTS SUPPORTING PROBABLE CAUSE

12. Based on my training and experience as a Special Agent with DHS assigned to investigate violations of the Bank Secrecy Act (BSA), I know that an individual who is trying to evade the CTR requirement will make a single deposit transaction just under the reporting limit. I also know that individuals attempting to evade the CTR requirement will break up their deposits into multiple transactions for smaller dollar amounts. I know that individuals who acquire cash in the course of their trade, business, or personal ventures routinely deposit the cash into their bank accounts. However, these deposits do not regularly consist of round numbers such as $8000, $8500, $9000, $9500, $9900 or exactly $10,000. Rather, they consist of varying uneven amounts.

13. Your Affiant believes that between December 10, 2010, and October 28, 2011, SHIVELEY structured a total of $68,600.00 in cash deposits by conducting transactions at New Mexico Bank and Trust, 320 Gold SW, Albuquerque, New Mexico, on the accounts listed in paragraph 3 of this affidavit. SHIVELEY used the

8

accounts to structure and assist in structuring transactions by breaking down deposits of U.S. currency that in combination would be in excess of $10,000, for the purpose of evading the reporting requirements of 31 U.S.C. § 5313(a) and the regulations prescribed thereunder.

14.   James   R.   SHIVELEY   is   a   medical   doctor   specializing   in osteopathic   medicine.   SHIVELEY   operates   a   general   practice located at 1817 Central Ave, NW, Albuquerque, NM.

### New Mexico Bank and Trust Account # 6218622

15. Financial records reviewed on this account revealed that on or about August 23, 2000, SHIVELEY opened a Premium Checking-Non Truncated (100) account, number 6218622 under the name Dr. James R. SHIVELEY.  SHIVELEY is listed as the sole owner on the account with no additional authorized signers.

### New Mexico Bank and Trust Account # 6124580

16.Financial records reviewed on this account revealed that on or about December 13, 2001, SHIVELEY opened NMBT Enterprise Checking Interest Bearing (240) account, number 6124580 under the names James R. SHIVELEY, D.O.  SHIVELEY is listed as the sole owner on the account with no additional authorized signers.

9

## New Mexico Bank and Trust Account # 6322861

17. Financial records reviewed on this account revealed that on or about August 25, 2008, SHIVELEY opened Premium Money Market account, number 6322861 under the name Dr. James R. SHVIELEY. SHIVELEY is listed as the sole owner on the account with no additional authorized signers.

## METHOD OF OPERATION FOR THE STRUCTURING

18. Your affiant knows SHIVELEY routinely presented U.S. currency for deposit in amounts over $10,000 to tellers at the New Mexico Bank and Trust branch located at 320 Gold SW in Albuquerque, NM. Upon the tellers counting the currency and informing SHIVELEY of the total amount (over $10,000), he would request cash back in an amount that would leave the total cash to be deposited under the CTR threshold.  On five (5) occasions SHIVELEY deposited cash in one transaction into a solely-owned account just under the CTR requirement.  On three (3) occasions SHIVELEY conducted two transactions into two different solely-owned accounts just under the CTR requirement. The following is a list of the transactions reflecting the structuring on SHIVELEY'S accounts:

| DATE | CASH DEPOSITED | MULTIPLE TRANSACTIONS SAME DAY | LOCATION | ACCOUNT # |
|------|---------------|-------------------------------|----------|-----------|
| 12/10/10 | $ 5,000.00 | X | 320 Gold SW | 6218622 |
| 12/10/10 | $ 4,480.00 | X | 320 Gold SW | 6124580 |

9

10

| DATE | CASH DEPOSITED | MULTIPLE TRANSACTIONS SAME DAY | LOCATION | ACCOUNT # |
|------|------|------|------|------|
| 01/05/11 | $ 9,700.00 | | 320 Gold SW | 6322861 |
| 01/13/11 | $ 9,900.00 | | 320 Gold SW | 6322861 |
| 02/09/11 | $ 5,400.00 | X | 320 Gold SW | 6218622 |
| 02/09/11 | $ 4,520.00 | X | 320 Gold SW | 6124580 |
| 04/14/11 | $ 3,200.00 | | 320 Gold SW | 6124580 |
| 04/15/11 | $ 6,700.00 | | 320 Gold SW | 6322861 |
| 09/14/11 | $ 5,700.00 | X | 320 Gold SW | 6322861 |
| 09/14/11 | $ 4,200.00 | X | 320 Gold SW | 6124580 |
| 10/28/11 | $ 9,800.00 | | 320 Gold SW | 6128622 |
| TOTAL | $68,600.00 | | | |

19. A further review of transaction history from 2008 on SHIVELEY'S accounts revealed a similar pattern of structuring of cash deposits. The following is a list of transactions reflecting the structuring activity in 2008:

| DATE | CASH DEPOSITED | MULTIPLE TRANSACTIONS SAME DAY | LOCATION | ACCOUNT # |
|------|------|------|------|------|
| 08/20/08 | $ 2,160.00 | x | 320 Gold SW | 6124580 |
| 08/20/08 | $ 7,500.00 | x | 320 Gold SW | 6322861 |
| 08/27/08 | $ 9,800.00 | | 320 Gold SW | 6322861 |
| 09/03/08 | $ 9,800.00 | | 320 Gold SW | 6322861 |
| 09/09/08 | $ 9,800.00 | | 320 Gold SW | 6322861 |
| 09/18/08 | $ 9,800.00 | | 320 Gold SW | 6322861 |
| 09/30/08 | $ 7,000.00 | x | 320 Gold SW | 6322861 |
| 09/30/08 | $ 2,160.00 | x | 320 Gold SW | 6124580 |
| TOTAL | $58,020.00 | | | |

20. Records also revealed activity on SHIVELEY'S accounts in 2003 that followed a similar pattern of structured cash deposits. As a

11

result of that activity, on March 12, 2004, SHIVELY was interviewed by Internal Revenue Service (IRS) Special Agents at his business located at 1817 Central Ave, NW, Albuquerque, NM. SHIVELEY indicated to the IRS Agents that he had no knowledge of the CTR requirements. As a result, IRS Agents discussed and made SHIVELEY aware of the BSA reporting requirements at they pertain to deposits of U.S. currency at financial institutions.

21. Your affiant has reviewed copies of all transaction history as it pertains to the structuring of cash deposits into SHIVELEY'S accounts as well as bank surveillance photographs, dated September 14, 2011 and October 28, 2011 at 320 Gold SW, Albuquerque, NM, depicting SHIVELEY making structured cash deposits.

### Conclusion

22. Your Affiant submits that based on the information contained in this affidavit there is probable cause to believe that SHIVELEY utilized multiple solely-owned bank accounts as listed in paragraph (3) of this affidavit to structure deposits of United States currency into his accounts, which represents the proceeds of structured funds.

23. Based on the fact that the accounts contain fungible proceeds which are subject to rapid dissipation, it is hereby requested that Special Agents of the Department of Homeland Security, Homeland

12

Security Investigations be authorized to effect the seizure of:

**ALL FUNDS AND MONIES NOT TO EXCEED A COMBINED TOTAL OF $68,600.00 CONTAINED IN ACCOUNTS HELD AT NEW MEXICO BANK AND TRUST, 320 GOLD SW ALBUQUERQUE, NM, ACCOUNT NUMBERS 6322861, 6218622 and 6124580 IN THE NAME OF JAMES R. SHIVELEY D.O. OR DR. JAMES R. SHIVELEY**

and direct the financial institution at which the account is

established to do the following:

a. To freeze the contents of the accounts in place and to refuse

the withdrawal of any amount from the accounts by anyone

other than the Department of Homeland Security (DHS), and

while any contents of the accounts are frozen in place to

accrue deposits, interest, and dividends, until DHS directs

that the contents of the accounts be finally liquidated and

no contents remain.  Freezing the contents could occur in the

event the bank is unable to provide the funds immediately to

the DHS and therefore restricts the removal and/or

dissipation of the funds by the account holder(s).

Approved by AUSA Cynthia L. Weisman

David Dindinger, Special Agent
Department of Homeland Security,
Homeland Security Investigations/HSI
Albuquerque, New Mexico

13

SUBSCRIBED TO AND SWORN BEFORE ME ON THIS

_____ 8th _____ day of _____ December _____ , 2011


_____

UNITED STATES MAGISTRATE JUDGE